FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

2016 MAR 16 AM 11: 13

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**NANCY BROWN**, an individual,

Plaintiff,

v.

**GREYSTONE HEALTHCARE MANAGEMENT CORP.**, a Delaware corporation,

Defendant.

**CIVIL ACTION**

**Case No. 2:16-cv-**204-FtM-29CM

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **NANCY BROWN** ("Brown" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") unpaid wages and overtime.

## PARTIES

2. The Plaintiff, **NANCY BROWN** ("**BROWN**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and at all times had enterprise and individual coverage under the FLSA during her employment with the Defendant. At all material times, **BROWN** was employed by the Defendant as a dietary manager. **BROWN** performed work in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **BROWN** was an employee within the contemplation of

29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **GREYSTONE HEALTHCARE MANAGEMENT CORP.** ("**GREYSTONE**" or "Defendant"), is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **GREYSTONE** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **BROWN**. **GREYSTONE** supervised and controlled **BROWN**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **BROWN**. **GREYSTONE** maintains employment records of **BROWN**. **GREYSTONE** was the employer of **BROWN**.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA 216(h).

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **BROWN** has worked for the Defendant within the last four years.

7. **BROWN** began her employment with Village Place Health and Rehabilitation Center in 1978, which the Defendant purchased in or about 2009.

8. **BROWN**'s direct supervisor was Brenda Hebden, and **BROWN**'s role of dietary manager was non-management and did not include advising the Defendant regarding violations of state or federal wage/hour law.

9. **BROWN**'s job duties, in relevant part, included mostly office work over which she possessed no decision-making authority over any matters of significance.

10. **BROWN**'s regular daily duties included often began well prior to around 7:30 A.M. and could, and would, often end as late as 8:00 P.M. and include work on weekends.

11. The Defendant demanded that **BROWN** be available between those hours and **BROWN** did work for the Defendant during that time.

12. The Defendant did not pay **BROWN** a minimum hourly wage, nor overtime, and instead opted to compensate **BROWN** on a salary basis.

13. In no way did **BROWN**'s primary duties with the Defendant include the exercise of discretion and independent judgment with respect to matters of significance.

14. The Defendant should have been paying **BROWN** on an hourly, non-exempt rate during the entire course of her employment with the Defendant.

15. The Defendant misclassified **BROWN** as a FLSA-exempt employee when in fact **BROWN** was non-exempt.

16. However, **BROWN** was not exempt under the FLSA, but rather was properly an hourly employees, because the Defendant:

a. Failed to allow **BROWN** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

b. Failed to allow **BROWN** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

c. Failed to have **BROWN**'s duties be directly involved with the administration of the Defendant's business;

d. Failed to allow **BROWN** any management duties whatsoever;

e. Failed to allow **BROWN** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

f. Failed to allow **BROWN** any authority to make decisions that bind the Defendant;

g. Failed to allow **BROWN** authority to formulate, affect, interpret, or implement management policies or operating practices;

h. Failed to allow **BROWN** major assignments in conducting the operations of the business;

i. Failed to allow **BROWN** work that affects business operations to a substantial degree;

j. Failed to allow **BROWN** authority to commit the employer in matters that have significant financial impact;

k. Failed to allow **BROWN** authority to waive or deviate from established policies and procedures without prior approval;

l. Failed to allow **BROWN** authority to negotiate and bind the company on significant matters;

m. Failed to require **BROWN** to provide consultation or expert advice to Defendant's management;

n. Failed to allow **BROWN** involvement in planning long or short-term business objectives;

o. Failed to allow **BROWN** to investigate and resolve matters of significance on behalf of management;

p. Failed to allow **BROWN** to represents the company in handling complaints, arbitrating disputes or resolving grievances;

q. Failed to assign **BROWN** to perform work in functional areas such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

r. Required **BROWN** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors;

s. Restricted **BROWN** from making anything more than suggestions as to patient's dietary options, but not permitting **BROWN** to make any independent decisions;

t. Required **BROWN** to have any course of action approved by her superiors, and;

u. Assigned **BROWN** only duties that did not require her to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, selling the Defendant's product).

17. **BROWN** was required by the Defendant to work sixty-five (65) hours per week without proper overtime compensation.

18. **BROWN**'s job duties were overseen by the Defendant's dietician, who directed all significant aspects of **BROWN**'s duties. Her job duties consisted of recording patients' weights, processing patient food orders and taking direction from the dietician and nurses.

19. The Defendant's practices alleged in ¶¶16-18, *supra*, establish that **BROWN** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work overtime hours without proper compensation in violation of the FLSA because she performed overtime work for the benefit of the Defendant for which she was not compensated. This practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

20. **BROWN** regularly worked well in excess of forty (40) hours per week for the Defendant without overtime compensation.

21. At all relevant times, the Defendant's employment **BROWN** has been on a salary basis, which salary was design to cover all hours worked up to forty (40) hours per week.

22. The Defendant has thus violated the FLSA.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

23. The Plaintiff hereby incorporate Paragraphs 1-22 in this Count as though fully set forth herein.

24. **BROWN** was actually a covered, non-exempt employee under the FLSA at all times during her employment as a "dietary manager" with the Defendant.

25. The Defendant was required by the FLSA to pay **BROWN** at least time and one-half for all hours worked by **BROWN** in excess of 40 hours per week.

26. The Defendant had operational control over all aspects of **BROWN**'s day-to-day functions during her employment, including compensation.

27. The Defendant was **BROWN**'s "employer" and is liable for violations of the FLSA in this case.

28. The Defendant violated the FLSA by failing to pay **BROWN** at least time and one-half for all hours worked over 40 per week.

29. The Defendant has willfully violated the FLSA in refusing to pay **BROWN** proper overtime for all hours worked by them over 40 per week.

30. As a result of the foregoing, **BROWN** has suffered damages of lost wages.

31. The Defendant is the proximate cause of **BROWN**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Named Plaintiffs and potential opt-in plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 4, 2016

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com